# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

PHILIP THOMSON,

    *Petitioner*,

vs.

BRIAN E. WILLIAMS, *et al.*,

    *Respondents.*

2:09-cv-00647-RCJ-RJJ

ORDER

This habeas matter under 28 U.S.C. § 2254 comes before the Court on respondents' (#8) to dismiss. Respondents seek dismissal of the petition, as amended, on the basis that, *inter alia*, the petition is time-barred under the federal one-year limitation period in 28 U.S.C. § 2244(d)(1). No opposition has been filed to the motion.

### *Background*

Petitioner Philip Thomson was convicted in Nevada state court, pursuant to a guilty plea, of driving under the influence causing death or substantial bodily harm. The judgment of conviction was filed on September 15, 2006. Petitioner did not file a direct appeal, and the time for doing so expired on or about Monday October 16, 2006.[1]

////

---

[1] See #9, Ex. F.  October 15, 2006, fell on a Sunday, and the thirty-day time period under Nevada state practice for filing a notice of appeal therefore expired the next day on Monday, October 16, 2006.

1    Petitioner mailed a state post-conviction petition for filing on or about August 23, 2007.
2 The state district court denied relief, and the Supreme Court of Nevada affirmed.  The
3 remittitur issued on December 30, 2008.[2]

4    Petitioner mailed the original federal petition in this matter to the Clerk of Court for filing
5 no earlier than the March 31, 2009, date on which it was signed.[3]

### *Governing Law*

7    Under the Antiterrorism and Effective Death Penalty Act (AEDPA), in the context
8 presented here, a federal habeas petition must be filed within one year after "the date on
9 which the judgment [of conviction] became final by the conclusion of direct review or the
10 expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  Under Section
11 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or
12 other collateral review with respect to the pertinent judgment or claim is pending shall not be
13 counted toward any period of limitation under this subsection."  28 U.S.C. § 2244(d)(2).

### *Discussion*

15    Petitioner's conviction became final for purposes of Section 2244(d)(1)(A) when the
16 time period for filing a direct appeal expired on Monday, October 16, 2006.  Unless otherwise
17 tolled, the federal limitation period would expire one year later on October 16, 2007.

18    Under Section 2244(d)(2), the pendency of petitioner's state post-conviction petition
19 statutorily tolled the running of the federal limitation period from the August 23, 2007, mailing
20 of the state post-conviction petition to the state court clerk for filing through to the December
21 30, 2008, issuance of the remittitur.[4]

---

[2] #9, Ex. I, at 10; *id.*, Ex. P.

[3] #1-2, at 9.

[4] The date of mailing of the state post-conviction petition rather than the date of filing is controlling for the federal limitation analysis.  *See,e.g., Smith v. Duncan*, 297 F.3d 809, 814 (9th Cir. 2002); *Huizar v. Carey*, 273 F.3d 1220, 1223 (9th Cir. 2001); *Saffold v. Newland*, 250 F.3d 1262, 1268-69 (9th Cir. 2000), *vacated on other grounds sub nom*, *Carey v. Saffold*, 536 U.S. 214, 122 S.Ct. 2134, 153 L.Ed.2d 260 (2002); *Anthony v. Cambra*, 236 F.3d 568, 575 (9th Cir. 2000); *but cf. Koerner v. Grigas*, 328 F.3d 1039, 1043 n.1 (9th Cir.
(continued...)

1  311 untolled days elapsed prior to the mailing of the state petition for filing, leaving 54
2  untolled days remaining after the issuance of the remittitur on December 30, 2008. The
3  federal limitation period, unless otherwise tolled, therefore would expire on or about Monday,
4  February 23, 2009.

5  Petitioner did not mail the original federal petition for filing in this matter until on or
6  about March 31, 2009, after the expiration of the federal limitation period, absent other tolling.

7  Petitioner has not filed an opposition to the motion to dismiss. He has not
8  demonstrated a basis for further statutory or equitable tolling in this matter or otherwise shown
9  why the petition should not be dismissed as time-barred under Section 2244(d)(1). The Court
10 issued a *Klingele* notice following upon the filing of the motion to dismiss, but no opposition
11 or other filing has been submitted.

12 This action accordingly will be dismissed with prejudice as untimely.

13 IT THEREFORE IS ORDERED, following upon the Court's independent review as well
14 as under Local Rule LR 7-2(d), that respondents' motion (#8) to dismiss is GRANTED and that
15 the petition, as amended, shall be DISMISSED with prejudice as time-barred.

16 The Clerk of Court shall enter final judgment accordingly in favor of respondents and
17 against petitioner, dismissing this action with prejudice.

18 DATED:       September 30, 2009

_____
ROBERT C. JONES
United States District Judge

---

[4](...continued)
2003)(in a context where the federal one-year limitation period was not at issue, the panel noted that Nevada does not recognize the prison mailbox rule for state post-conviction petitions, such that the petition is not filed under Nevada state law until actually received by the state court clerk).

-3-